**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| PANAPRINT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 5:17-CV-140 (MTT) |
| | ) | |
| C2 MULTI MEDIA, INC., AND CORDACO HOMES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants C2 Multi Media and Cordaco Homes have moved to dismiss Plaintiff Panaprint, Inc.'s amended complaint (Doc. 14). Doc. 16. As discussed below, the motion (Doc. 16) is **DENIED**.

### I. FACTS AND PROCEDURAL BACKGROUND

Panaprint alleges that C2 Multi Media, Inc. and Cordaco Homes, Inc. breached their contracts to use Panaprint to print magazines by unilaterally canceling the contracts in violation of the Uniform Commercial Code or, in the alternative, general contract law. *See generally* Doc. 14. On April 11, 2017, C2 Multi Media and Cordaco Homes, which share the same address and two owners, removed the case to this Court, invoking diversity jurisdiction as to the claim against C2 Multi Media and diversity or supplemental jurisdiction as to the claim against Cordaco Homes. Docs. 1 at 2-4, 8-10, 12-13; 1-1 at 1. C2 Multi Media and Cordaco Homes also moved to dismiss Panaprint's complaint for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the signed documents that

Panaprint alleges are contracts are, instead, price quotations which did not obligate C2 Multi Media and Cordaco Homes to purchase any magazines from Panaprint.  Doc. 2.  The Court agreed that Panaprint's complaint was deficient but gave Panaprint an opportunity to amend its complaint if Panaprint believed, in good faith, that it could allege additional facts to state a claim for which relief may be granted.  Doc. 13.[1]

Panaprint amended its complaint on November 22, 2017.  Doc. 14.  Now, C2 Multi Media and Cordaco Homes have renewed their motion to dismiss, arguing that Panaprint's amended complaint fails to state a claim for which relief may be granted for the same reasons its original complaint failed: it "contains no factual allegations that support the conclusion that either Defendant was obligated to have a single magazine published by Panaprint."  Doc. 16 at 6.

## II. DISCUSSION

### A.     Motion to Dismiss Standard

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as

---

[1] As the Court noted in that order, C2 Multi Media and Cordaco Homes are distinct business entities, and they entered into separate contracts with Panaprint.  Doc. 13 at 2-3, n.1 (citations omitted).  But they share an address, the same exclusive owners, and counsel in this case, and the same letter constituted the alleged breach for both.  *Id.* (citations omitted).  Accordingly, throughout the litigation both parties have logically treated the allegations against C2 Multi Media and Cordaco Homes together for purposes of the motions to dismiss.  *Id.* (citations omitted); *see generally* Docs. 14 (amended complaint); 16 (motion to dismiss amended complaint).  The Court does the same.

true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

**B.    Applicable Georgia Law**

The alleged contracts in this case provide that the agreements be interpreted according to Georgia law. Doc. 14 at 16, 19. Further, the documents were drafted by and mailed to Panaprint, whose address is located in Macon, Georgia. *Id*. at 15-16, 18-19; *see In re Club Assocs.*, 951 F.2d 1223, 1229 (11th Cir. 1992) ("Executed in Georgia, the security deed is governed by Georgia contract law, *lex loci contractus*." (citation omitted)). Panaprint has alleged claims for breach of contract under the Uniform Commercial Code and, in the alternative, under general contract law. *See generally* Doc. 14.

As to claims under the Uniform Commercial Code, in Georgia:

> Except as otherwise provided in this Code section a contract for the sale of goods for the price of $500.00 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

O.C.G.A. § 11-2-201(1). "A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." O.C.G.A. § 11-2-204(1). Certain "parol evidence" outside the four corners of the agreement, such as the parties' previous course of performance or dealing or trade usage, may not be used to contradict contract terms but may be used to "explain[] or supplement[]" contract terms. O.C.G.A. § 11-2-202.

As to Panaprint's claims in the alternative under general contract law, Georgia law is similar. "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1. "The cardinal rule of construction is to ascertain the intention of the parties." O.C.G.A. § 13-2-3. "If a contract fails to establish an essential term, and leaves the settling of that term to be agreed upon later by the parties to the contract, the contract is deemed an unenforceable 'agreement to agree.'" *Kreimer v. Kreimer*, 274 Ga. 359, 363, 552 S.E.2d 826, 829 (2001) (citation omitted). To interpret a contract, "[p]arol evidence is inadmissible to add to, take form, or vary a written contract," but parol evidence may be used "if only a part of a contract is reduced to writing . . . and it is

manifest that the writing was not intended to speak the whole contract." O.C.G.A. § 13-2-2(1). "The custom of any business or trade shall be binding only when it is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract." O.C.G.A. § 13-2-2(3).

**C.   Panaprint's Amended Complaint**

In the previous order, the Court found as follows: "Plaintiff raises arguments that perhaps, with a properly pleaded complaint, could be sufficient to state a claim, but the complaint as currently constituted does not contain those allegations." Doc. 13 at 7. Specifically, the Court noted the complaint's silence as to certain fundamental contract terms, such as the quantity of magazines per order, the number of pages per order, and the frequency of the orders. *Id.* Panaprint amended its complaint, adding factual allegations that such terms were determined by the parties' course of dealing and the accepted business practices of the printing industry. *See* Doc. 14 ¶¶ 12, 14, 16-21, 23-25, 31-33.

C2 Multi Media and Cordaco Homes argue that dismissal is appropriate even on Panaprint's amended complaint. Doc. 16. They argue that, "[a]ccepting all of Panaprint's allegations in the Amended Complaint as true and giving Panaprint the benefit of all reasonable inferences," the parties did not enter a contract but rather the alleged contracts were actually price quotations and did not bind C2 Multi Media or Cordaco Homes to make any purchases. *Id.* at 1-2. They further argue that Panaprint's amendments are merely unpersuasive "superficial and conclusory allegations," without documentary support. *Id.* at 4-5.

However, at this stage of the proceeding, Panaprint is only required to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Now that Panaprint has added allegations that address how the parties agreed to fundamental contract terms which appear to be unspecified in the parties' written instruments, the Court cannot conclude as a matter of law that Panaprint has failed to state breach of contract claims that are plausible on their face under Georgia law. *See, e.g.*, O.C.G.A. § 11-2-204(1) ("A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract."); O.C.G.A. § 11-1-303 (providing for considering "course of dealing" and "usage of trade" in construing commercial goods contracts in some circumstances); O.C.G.A. § 11-2A-202 (permitting parol evidence by "course of dealing or usage of trade or by course of performance" to explain or supplement terms in a contract for commercial goods); O.C.G.A. § 13-3-1 ("To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."); O.C.G.A. §§ 13-2-2(1), (3) (permitting parol evidence and "custom of any business or trade" to interpret contractual provisions in certain circumstances in general contract law).

Indeed, most of the cases C2 Multi Media and Cordaco Homes cite—which the Court agrees appear to be pertinent to this case—were decided on summary judgment, rather than a motion to dismiss. *See generally, e.g., In re Club Assocs.*, 951 F.2d 1223 (11th Cir. 1992), *Romala Stone v. Home Depot USA, Inc.*, 2009 WL 900776 (N.D. Ga. 2009); *Wedgewood Carpet Mills, Inc. v. Color-Set*, 149 Ga. 417, 254 S.E.2d 421 (1979);

*Peach State Meat Co. v. Excel Corp.*, 860 F.Supp. 849 (M.D. Ga. 1994); *but see Regions Bank v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 2014 WL 12621478 (N.D. Ga. 2014) (granting a motion to dismiss a complaint when the plaintiff's proposed interpretation of the contract was unreasonable as a matter of law regardless of the factual allegations contained in the complaint). At this stage, prior to discovery and with a burden of alleging claims that are facially plausible, Panaprint has made sufficient allegations to withstand a motion to dismiss.

## III. CONCLUSION

Accordingly, the Court **DENIES** the motion to dismiss (Doc. 16).

**SO ORDERED**, this 3rd day of April, 2018.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT